```
                 United States District Court
                   District of Massachusetts
 _____
                               )
Secure Our City, Inc.,         )
                               )
         Plaintiff,            )
                               )    Civil Action No.
         v.                    )    18-12334-NMG
                               )
ECI Systems, LLC, et al.,      )
                               )
         Defendants.           )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This dispute arises out of the former business relationship between Secure Our City, Inc. ("SOC" or "plaintiff") and ECI Systems, LLC ("ECI") and its Chief Economic Officer ("CEO") Justin Davis ("Davis") (collectively with ECI, "defendants"). Pending before the Court are, <u>inter alia</u>, 1) defendants' motion for partial summary judgment (Docket No. 143), plaintiff's motion to strike that motion for summary judgment (Docket No. 157) and defendants' motion to amend their answer (Docket No. 172).

### I. Background

SOC designs and provides security systems for commercial and educational institutions.  It contracted with ECI, a security systems integrator, to install such systems for several

-1-

of its clients including Cumberland Farms, Inc. ("Cumberland Farms") and UDR, Inc. ("UDR").

In July, 2017, SOC and ECI entered into a Confidentiality, Non-Compete and Non-Solicitation Agreement ("the Agreement"). The Agreement provides, in relevant part, that ECI is not to share SOC's business information with third parties and that ECI is not to solicit or seek to engage in business with customers that SOC introduced to ECI.

SOC alleges that, during the course of its business relationship with defendants, ECI submitted fraudulent invoices seeking payment for nonexistent services and costs. SOC further alleges that ECI 1) made false and disparaging comments about SOC to its customers, 2) disclosed confidential information to its customers and 3) sabotaged its customers' security systems, leading to the termination of the agreement between Cumberland Farms and SOC. ECI, in turn, responds that SOC had completed its work for Cumberland Farms and that Cumberland Farms no longer chose to work with SOC due to its mismanagement of the project.

In November, 2018, SOC filed suit against ECI and Davis in this Court seeking monetary and injunctive relief because of defendants' purported breach of the Agreement and related conduct. Defendants answered the complaint, asserted

counterclaims against SOC and sought damages from UDR as a reach and apply defendant in December, 2018.

In April, 2021, defendants filed a motion for partial summary judgment on the ground that the liquidated damages clause in the Agreement is an unenforceable penalty. SOC moved to strike that motion in May, 2021, contending that defendants should be precluded from asserting such a defense because they failed to plead it as an affirmative defense. In response, defendants moved to amend their answer to include the liquidated damages defense.

**II.  Analysis**

Fed. R. Civ. P. 15(a)(2) states that leave to amend a pleading should be "freely give[n] . . . when justice so requires" unless there has been undue delay or bad faith or the amendment would unduly prejudice the opposing party or would be futile. See United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Furthermore, a defendant may raise an affirmative defense for the first time in a motion for summary judgment as long as the plaintiff does not suffer prejudice. See G.D. v. Westmoreland Sch. Dist., 783 F. Supp. 1532, 1534 (D.N.H. 1992).

Plaintiff urges this Court to deny the motion to amend and strike defendants' motion for partial summary judgment on the

ground that it will suffer prejudice if defendants are permitted to challenge the liquidated damages provision. It submits that defendants did not raise such a defense in their answer or identify any witnesses as having information relevant to that defense in their initial disclosures. Defendants respond that plaintiff had actual notice of the defense and, therefore, is not prejudiced.

Although it is late in the litigation for defendants to amend their answer, the standard for allowing amendments under Fed. R. Civ. P. 15(a) has often been described as "liberal." O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2004). Accordingly, the Court will not deny leave to amend unless there is evidence of misconduct or prejudice to the opposing party.

Here, the Court finds that defendants did not engage in misconduct and plaintiff has suffered no prejudice because it had constructive notice that defendants may pursue the liquidated damages defense. See Boston Hides & Furs, Ltd. v. Sumitomo Bank, Ltd., 870 F. Supp. 1153, 1161 n.6 (D. Mass. 1994) ("If the plaintiff receives notice of an affirmative defense other than through the pleadings, the defendants' failure to comply with Fed. R. Civ. P. 8(c) does not cause the plaintiff any prejudice."). During the deposition of plaintiff's CEO, Geva Barash, defendants' counsel questioned him extensively

about the provision and repeatedly used the word "penalty" when describing the provision. Barash later signed an errata sheet modifying his testimony to indicate that he was not a lawyer and could not give a legal opinion as to the meaning of the word "penalty," suggesting that plaintiff's counsel understood the legal significance of that line of questioning.

Even if plaintiff may suffer some prejudice, defendants suggest that plaintiff be afforded additional "limited discovery" as to the enforceability of the liquidated damages clause as an alternative to precluding defendants from presenting their defense. The Court concludes that some additional discovery as described below is appropriate to mitigate any potential prejudice from the late disclosure of the affirmative defense.

### ORDER

For the foregoing reasons,

(a) the motion of defendants ECI Systems, LLC ("ECI") and Justin Davis ("Davis") to amend their answer (Docket No. 172) is **ALLOWED**;

(b) the motion of plaintiff Secure Our City, Inc. ("SOC") to strike defendants' motion for partial summary judgment (Docket No. 157) is **DENIED**; and

(c) the Court shall **RESERVE** consideration of the motion of defendants for partial summary judgment (Docket No. 143) until plaintiff has completed the additional discovery addressed below.

SOC may conduct additional, limited discovery through September 30, 2021, only as to the enforceability of the liquidated damages clause.  Defendants shall make their pertinent witnesses available to plaintiff for depositions of up to four (4) hours total at plaintiff's convenience and defendants' expense.  Defendants shall also reimburse plaintiff for up to ten (10) hours of legal fees associated with reviewing any newly-produced documents and preparing for and conducting any depositions.

All other pending motions, including plaintiff's motion for summary judgment (Docket No. 148) and the remaining motions to strike (Docket Nos. 159 and 160), will be addressed in due course.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 19, 2021